UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------x
                              :
MICHAEL BRAHAM                :   Civil No. 3:15CV1094(JCH)
                              :
v.                            :
                              :
BRIAN PERELMUTER, et al.      :   April 1, 2016
                              :
------------------------------x
```

### ORDER ON MOTION TO COMPEL DISCOVERY [DOC. #80]

Pending before the Court is a motion filed by pro se plaintiff Michael Braham ("plaintiff"), seeking to compel discovery from defendants, Brian Perelmuter, Johnny Wu, Commissioner Scott Semple, and John Doe (hereinafter collectively referred to as "defendants"). [Doc. #80]. For the reasons articulated below, the Court **GRANTS** plaintiff's Motion to Compel Discovery.

### DISCUSSION

Plaintiff has filed a motion seeking discovery from defendants. [Doc. #80]. Specifically, plaintiff seeks a response by defendant Wu to Interrogatory 2, and the production of items responsive to Requests for Production 1, 2 and 3. [Doc. #80-1 at 1-3; #80-2 at 2-3]. Defendants have filed an Objection to the pending motion. [Doc. #84]. Plaintiff has filed a reply to defendants' objections. [Doc. #90].

1

I.  **Untimeliness of Motion**

The Court acknowledges that plaintiff's motion to compel is untimely. On September 24, 2015, defendants responded to plaintiff's requests for production dated September 4, 2015. See Doc. #80-2 at 16-22. On September 25, 2015, defendants responded to plaintiff's interrogatories dated August 26, 2015. See Doc. #80-2 at 9-11. The instant motion was filed on February 29, 2016. [Doc. #87].

Judge Hall's Scheduling Order states, "Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel." [Doc. #54 at 2]. Thus, plaintiff's motion to compel was filed approximately four (4) months late. The Court may extend this deadline only for good cause, which "requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this order." Id. at 2-3.

Plaintiff's motion and reply both detail specific reasons for the untimeliness of this motion, including numerous prison transfers, plaintiff's college course load, and his attention to other pending deadlines for this case. [Doc. #80-1 at 2; Doc. #90 at 3-4]. There is correspondence attached to both the

plaintiff's motion and to the defendants' objections indicating that good-faith communications took place between plaintiff and counsel for defendants prior to requesting the Court's intervention. See Doc. #80-1 at 7-8; #84-2 at 2; #84-3 at 2-3. Additionally, there is evidence that plaintiff made several good-faith attempts to obtain a portion of the disputed discovery on his own. See Doc. #80-1 at 9-10. The deadline for discovery is May 30, 2016. [Doc. #54 at 1]. Considering these factors, and in light of plaintiff's pro se status, the Court will extend the deadline for this motion to compel. Notwithstanding the Court's willingness to hear this motion, plaintiff is reminded that he is bound to follow the Local and Federal Rules of Civil Procedure, and must comply with the applicable Scheduling Order. The Court does not anticipate granting another late application for discovery in this case.

## II. **Interrogatory 2**

As to Defendant Wu, plaintiff seeks to compel a response to Interrogatory 2, to which defendant Wu has submitted an answer that plaintiff deems nonresponsive:

> Interrogatory 2: On February 25, 2014, Peter O'Shea, DDS submitted a Utilization Review Request requesting that Michael Braham be approved for oral surgery to extract mesioangular impacted teeth numbers 17 and 32. That request was approved by the Utilization Review Committee on March 10, 2014.
>
> State the full legal name and job title of the Correctional managed Health Care employee who was

3

> responsible for scheduling Michael Braham for the surgical procedure that was requested on February 25, 2014 and approved on March 10, 2014.
>
> **ANSWER:** I do not know who handled scheduling for oral surgery cases at that time frame provided.

[Doc. #80-2 at 10]. Plaintiff argues that defendant Wu is required to make a reasonable inquiry regarding the information sought, and thus he should be compelled to do so. Defendants argue that plaintiff's contention is speculative, as there is "no evidence" that defendant Wu failed to make a reasonable inquiry for this information. [Doc. #84 at 5]. Further, defendants suggest that plaintiff instead pursue the information through Mr. Richard Benoit, the Director of Dental Services, to the extent the Court grants plaintiff's motion to amend the complaint.[1] Id.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

[1] The Court notes that Judge Hall denied that portion of plaintiff's Motion to Amend the Complaint [Doc. #62] that sought to add Richard Benoit as a defendant. See Doc. #86 at 6-8. Accordingly, this argument is no longer pertinent.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978), citing Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Rule 33 of the Federal Rules of Civil Procedure governs interrogatories. Interrogatories may inquire into any discoverable matter. Fed. R. Civ. P. 33(a)(2).

> If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer. Rather, the party must respond in a way that lets the requesting party know the information is unavailable. ... Simply stating that a party does not know the answer to legitimate questions is unacceptable; a party has a duty to inquire or find the answer.

7 James Wm. Moore et al; Moore's Federal Practice §33.102[3] (3d ed. 2015); see also Zanowic v. Reno, No. 97CV5292(JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000)("Rule 33 does not require a party to provide information that is unknown and unknowable to that party. In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry concerning information sought in interrogatories, and a party's

failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient.").

Defendants do not raise an objection to Interrogatory #2, nor do they argue that the information sought is irrelevant or privileged. Instead, defendants contend that there is no evidence that Mr. Wu failed to make a reasonable inquiry for the information sought. Notably, defendants do not elaborate as to whether the information is available to defendant Wu, or whether he did make any attempt to ascertain this information. Defendant Wu has a duty to furnish any and all information available to him. See Moore et al., supra, §33.102[1]. "A party served with interrogatories is obliged to respond ... not only by providing the information it has, but also the information within its control or otherwise obtainable by it." In re Auction Houses Antitrust Litig., 196 F.R.D. 444, 445 (S.D.N.Y. 2000). Accordingly, the Court **GRANTS** plaintiff's motion to compel with respect to Interrogatory 2. Defendant Wu shall make a reasonable inquiry to determine the identity and title of the individual sought in Interrogatory 2. If he is unable provide a responsive answer, he should detail his efforts to obtain said information.

### III. Requests for Production 1 and 2

Plaintiff seeks: (1) "All dental records concerning Michael Braham, Inmate No. 231451;" and (2) "All dental x-rays, films

and images concerning Michael Braham, Inmate No. 231451." [Doc. #80-2 at 5]. Defendants object to both requests as follows:

> Defendants object to Request for Production insofar as it seeks to ascertain information, which is as readily or equally available to plaintiff as it is to the defendants.

[Doc. #80-2 at 16]  [sic]. Defendants' letter to plaintiff, dated October 19, 2015, encourages plaintiff to request to review his entire dental file, including the x-rays, films and images, "without delay." [Doc. #80-1 at 7]. Plaintiff's motion to compel details his efforts and considerable difficulty in obtaining a copy of his records. Id. at 4. It appears from plaintiff's motion that he was able to obtain a copy of his file through the use of counsel, but he claims that the file was not complete. Id. at 4. Defendants insist that the file in question is equally accessible to plaintiff.[2]

    The Court notes that this case involves dental treatment, and the alleged lack thereof. Plaintiff is entitled to a complete set of his own dental records. It is clear to the Court that these records are not "equally accessible" to plaintiff if he is only permitted one hour every six months to review his file, as he contends and as defendants do not dispute. [Doc.

---

[2] As to Request for Production 2, defendants represent that copies of plaintiff's x-rays and films, which are not included in plaintiff's file, will be provided to plaintiff with the understanding that the original films can only be released to an expert.

7

#80-1 at 4; #84 at 3]. As such, the Court **GRANTS** plaintiff's motion to compel as to Request for Production 1. The Court also **GRANTS** plaintiff's motion to compel as Request for Production 2, absent objection.

IV. **Request for Production 3**

Plaintiff seeks the production of the UConn Correctional Managed Health Care 'Dental Manual'. [Doc. 80-1 at 3]. Following his request for the entire manual, on October 12, 2015, plaintiff sent correspondence to defendants indicating that he consented to the production of only specific sections.[3] Despite the narrowed request, defendants objected, claiming that many sections of the manual were irrelevant, and provided only seven sections of the manual to plaintiff. Defendants do not claim that the requested production is unduly burdensome, rather, defendants' objection is to relevance. As discussed above, the Court is bound to interpret relevance broadly. This case implicates a broad array of dental topics, including: Impacted wisdom teeth; caries; infections; dry sockets; surgical extraction; root canal; and fillings. Plaintiff has indicated that he believes many sections of the manual are relevant. The Court finds no reason why the requested sections of the Dental

---

[3] Plaintiff's letter, dated October 12, 2015, states, "Finally, regarding request. no. 3, 'Dental Manual,' I request all dental policies and appendices except policies no. 2.01, 2.02, 2.03, 17.00, 19.00, 19.01, 20.00, 26.00, 27.00, 28.00, 29.00 and appendices A and D." [Doc. #84-2 at 2].

Manual should not be produced to plaintiff forthwith. Accordingly, the Court hereby **GRANTS** plaintiff's request for production, in part. The defendants shall produce those sections of the Dental Manual that plaintiff requested in his letter dated October 12, 2015, to the extent they were not previously provided.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 1st day of April 2016.

                                                /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES MAGISTRATE JUDGE